IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| ROBERT JEWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13-2048-STA-dkv |
| | ) |
| SHELBY COUNTY GOVERNMENT, and | ) |
| WILLIAM P. OLDHAM, in his individual | ) |
| capacity, | ) |
| | ) |
| Defendants. | ) |

---

## ORDER DENYING MOTION TO DISMISS

---

On January 25, 2013, Robert Jewell ("Plaintiff") filed a Complaint (D.E. # 1) against William P. Oldham ("Oldham") and Shelby County Government ("Shelby County") (collectively, "Defendants"), alleging retaliation in violation of his First Amendment rights. Oldham filed a Motion to Dismiss and Motion to Strike (D.E. # 5) on March 12, 2013.

On June 17, Plaintiff filed a Motion to Amend the Complaint (D.E. # 21) to add a claim under the Americans with Disabilities Act against Shelby County. Plaintiff also filed a separate Complaint against Shelby County on July 8, 2013 (Case No. 13-2054-STA-dkv).

On July 10, 2013, the Court granted Plaintiff's Motion to Amend the Complaint, ordered the two cases consolidated, and denied Oldham's Motion to Dismiss as moot (D.E. # 24). Plaintiff filed his Amended Complaint (D.E. # 25) on July 11, 2013.

On July 22, 2013, Oldham filed a Second Motion to Dismiss (D.E. # 26), which the Court

1

denied as moot in an Order entered on September 9, 2013 (D.E. # 34), because the Motion addressed the original and not the Amended Complaint.

Presently before the Court is Oldham's Motion to Dismiss Amended Complaint (D.E. # 37), filed October 16, 2013. On November 13, 2013, Plaintiff filed a Response in Opposition (D.E # 42). For the reasons set forth below, the Court **DENIES** Oldham's Motion.

## BACKGROUND

For the purposes of ruling on a motion to dismiss under Rule 12(b)(6), the Court assumes that all factual allegations in the Amended Complaint are true and draws all reasonable conclusions in favor of the Plaintiff.

Plaintiff is employed as a deputy sheriff in Shelby County Sheriff's Office, a department of Shelby County. (Am. Compl. ¶ 3, D.E. # 25.) Shelby County hired Plaintiff in 1997. (*Id.* ¶ 6, 8.) Plaintiff consistently received satisfactory to above satisfactory performance evaluations until 2011. (*Id.* ¶ 6, 8.) In February 2010, the incumbent sheriff, Mark Luttrell ("Luttrell") announced he would seek election as the county mayor in the August general election. (*Id.* ¶ 9.) After Luttrell's announcement, Oldham, the then-chief deputy of Shelby County Sheriff's Office, announced he would seek election as sheriff in the May primary. (*Id.* ¶ 10.)

Many people in the Sheriff's Office knew of Plaintiff's support for the opposing candidate for sheriff. (*Id.* ¶ 11.) Although the Tennessee Attorney General had issued an opinion in 2008 stating that a deputy sheriff must first resign before running for sheriff, Oldham did not resign nor did Shelby County require him to resign. (*Id.* ¶ 12, 13.)

On April 23, 2010, while Plaintiff was on duty, a lieutenant in Plaintiff's unit, who was a supporter of Oldham, grabbed Plaintiff around the neck and threw him against the wall. (*Id.* ¶

2

14.) He told Plaintiff that he "better vote Republican in the primary." (*Id.*) Oldham and Luttrell were both Republican candidates. (*Id.*) Plaintiff reported this incident to his immediate supervisor. (*Id.* ¶ 15.) The Bureau of Professional Standards and Integrity ("BPSI"), a division of the Sheriff's Department responsible for investigating complaints about deputies initiated an investigation into the incident. (*Id.*) The head of BPSI was also an Oldham supporter. (*Id.* ¶ 16.)

On April 27, 2010, Plaintiff spoke with Sheriff Luttrell, another Oldham supporter, to ensure that he would not be retaliated against for reporting the incident. (*Id.* ¶ 17.) On April 28, 2010, Defendants, acting through Sheriff Luttrell, ordered that Plaintiff be relieved of duty for an indefinite period. (*Id.* ¶ 18.)

Oldham and Sheriff Luttrell won their primary races for sheriff and mayor on May 5, 2010. (*Id.* ¶ 21.) Oldham did not resign from his position as chief deputy. (*Id.* ¶ 22.) On June 28, Plaintiff filed a Complaint of a Hatch Act Violation with the Office of Special Counsel ("OSC"), an independent agency of the United States government that is responsible for investigating and prosecuting complaints of prohibited political activity. (*Id.* ¶ 23.) Oldham was notified that Plaintiff had filed this complaint (the "OSC Complaint"). (*Id.* ¶ 24.)

In the fall of 2010, after Oldham and Luttrell took office, an assistant prosecutor entered a room where Plaintiff was meeting with a state prosecutor. (*Id.* ¶ 27). He looked at Plaintiff and then abruptly slammed the door. (*Id.*) The prosecutor told Plaintiff the assistant prosecutor's behavior was related to plaintiff's OSC Complaint against Oldham. (*Id.*)

In December 2010, another Oldham supporter informed Plaintiff that he would be transferred under the supporter's command and that a second Oldham supporter would be transferred to the same unit to jointly supervise Plaintiff. (*Id.* ¶ 28.) After the transfer, Plaintiff

found an invitation to Oldham's fundraiser on his desk, which required a minimum donation of $50.00 per person. (*Id.* ¶ 29.) Plaintiff understood the invitation to mean that he should contribute to Oldham's fundraiser if he did not want to be transferred. (*Id.* ¶ 30.) He did not make a contribution. (*Id.*)

In early January 2011, Defendants assigned a second Oldham supporter to supervise Plaintiff. (*Id.* ¶ 32.) Plaintiff's unit was the only narcotics unit with six patrol deputies to be supervised by two sergeants and a lieutenant. (*Id.*)

In June 2011, those supervisors gave Plaintiff low performance evaluations, indicating that Plaintiff frequently did not meet performance expectations and that he needed close supervision. (*Id.* ¶ 33.) The evaluations covered a year that included almost six months during which Plaintiff was not supervised by the individuals who made the report. (*Id.*) Plaintiff reported to the Chief Deputy that he was being subjected to a hostile work environment. (*Id.* ¶ 34.) Plaintiff was transferred to a different assignment and no action was taken against his supervisors. (*Id.*)

In October 2011, Plaintiff notified a federal prosecutor that he wanted to be given a different appointment than the one he was scheduled for, since the appointment would have included the supervisor who previously harassed him in June 2011. (*Id.* ¶ 35.) The next day the Chief Deputy transferred Plaintiff without notice to a less prestigious job in the patrol division. (*Id.*) This change of assignment resulted in loss of fringe benefits such as a take-home car, cell phone, specialized training, and opportunities to earn overtime that were not available in the patrol division. (*Id.*)

On November 2, 2011, Plaintiff was relieved of duty and ordered to undergo counseling.

(*Id.* ¶ 36.) The order was later changed to require Plaintiff to submit to a mandatory psychological fitness for duty ("FFD") evaluation. (*Id.*) While relieved of duty, Plaintiff received the annual holiday pay check. (*Id.* ¶ 37.) Two weeks later, on December 15, 2011, Shelby County deducted the holiday pay from Plaintiff's payroll check without notice, claiming he was not entitled to receive holiday pay while relieved of duty. (*Id.*)

The Chief Administrative Officer told Plaintiff that he was permitted to exercise his legal rights during the FFD. (*Id.* ¶ 40.) Plaintiff did so by declining to answer some questions he believed to be impermissible. (*Id.* ¶ 41.) Plaintiff successfully completed the FFD in December, but Defendants refused to return him to duty. (*Id.* ¶ 42.) Instead, a BPSI investigation was launched to investigate Plaintiff's exercise of his legal rights during the FFD. (*Id.* ¶ 45.) BPSI is under direct control of the sheriff and BSPI investigations may only be ordered by the Sheriff, chief deputy, or an assistant chief. (*Id.* ¶ 46, 47.) While Plaintiff was questioned at the BPSI offices regarding the matter, the investigator gave Plaintiff a "Garrity Notice," which is given prior to questioning when there is a possibility of criminal charges. (*Id.* ¶ 50.)

While relieved of duty, Plaintiff was ineligible to receive the annual state supplement for law enforcement officers. (*Id.* ¶ 52.) On February 27, 2012, Plaintiff was returned to duty as a deputy sheriff and Defendants suspended the BPSI investigation. (*Id.* ¶ 54-55.) On December 29, 2012, after attempts at settlement, Defendants' attorney told Plaintiff that if Plaintiff did not accept the settlement terms, the BPSI investigation would likely be revived and there was a high risk that Plaintiff's employment would be terminated. (*Id.* ¶ 57.)

# STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted."[1] When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[2] However, the Court will not accept legal conclusions or unwarranted factual inferences as true.[3] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[4] Ordinarily, a reviewing court may not consider matters outside the pleadings on a motion to dismiss under Rule 12(b)(6).[5] However, "a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."[6]

Under Federal Rule of Civil Procedure Rule 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[7] Although this standard does not require "detailed factual allegations," it does require more than "labels and

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[3] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[4] *Wittsock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[5] *Rondingo, LLC v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011).

[6] Fed. R. Civ. P. 10(c).

[7] Fed. R. Civ. P. 8(a)(2).

conclusions" or "a formulaic recitation of the elements of a cause of action."[8] In order to survive a motion to dismiss, the plaintiff must allege facts, if accepted as true, sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." [9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

## ANALYSIS

Oldham argues that Plaintiff has failed to state a claim upon which relief can be granted, because his claims are time barred, he has failed to allege facts sufficient to state a claim under 28 U.S.C. section 1983 and the Fourteenth Amendment, and he fails to allege facts sufficient to state a claim against Oldham in his individual capacity. Additionally, Oldham argues that the Court should dismiss the Amended Complaint because Oldham is protected by qualified immunity. For the reasons discussed below, the Court rejects each of these arguments.

### Statute of Limitations

Oldham argues that Plaintiff's claims are time-barred and should therefore be dismissed. "Actions brought pursuant to 42 U.S.C. § 1983 apply the statute of limitations from a state's general personal injury statute."[11] Tennessee Code Annotated section 28-3-104(a)(3) states that

---

[8] *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). *See also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555).

[9] *Twombly*, 550 U.S. at 570.

[10] *Iqbal*, 556 U.S. at 678.

[11] *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

"[c]ivil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes" must be "commenced within one (1) year after the cause of action accrued."[12]

Plaintiff filed his Complaint on January 25, 2013. The majority of Plaintiff's allegations occurred before January 25, 2012. However, Plaintiff argues that these acts constitute a continuing violation and that because he alleged at least one act that occurred within the statute of limitations period, his claims are not time-barred. As discussed in the Court's Order Denying Shelby County's Renewed Motion to Dismiss,[13] Plaintiff has alleged sufficient facts that, at this stage in the proceedings, in the light most favorable to Plaintiff, the Court must draw an inference that there was a continuing violation. Therefore, the Court rejects Oldham's argument that Plaintiff's claims are time-barred.

## Fourteenth Amendment Claim

Oldham argues that Plaintiff has failed to state a claim for a violation of the Fourteenth Amendment. However, Plaintiff indicates in his Response that he included a reference to the Fourteenth Amendment solely for purposes of establishing that his First Amendment claims apply to Defendants via the Fourteenth Amendment. Since there is no separate Fourteenth Amendment claim, there is nothing for the Court to dismiss.

Oldham also states in his Motion that the Amended Complaint fails to state a claim pursuant to Section 1983 and that none of the alleged causes of action, including the First

---

[12] T.C.A. § 28-3-104(a)(3); *see also Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003) (applying T.C.A. § 28-3-104(a)(3) to a § 1983 claim).

[13] Because the same arguments were made in Shelby County's Motion to Dismiss (D.E. # 28) and addressed in the Court's Order (D.E. # 35), they need not be addressed at length here.

Amendment retaliation claim, state a claim upon which relief can be granted. Aside from providing a few sentences on the requirements for a claim under section 1983, Oldham does not address either of these arguments. He appears to include these statements merely as context for his remaining arguments: that Plaintiff's claim was time-barred, that Plaintiff failed to sufficiently allege a Fourteenth Amendment claim, and that Plaintiff did not allege sufficient facts to state a Claim against Oldham in his individual capacity. As discussed below, Oldham does argue that Plaintiff failed to show a constitutional violation with respect to his qualified immunity argument. The Court has already addressed the argument that Plaintiff failed to allege facts sufficient to make out a claim for First Amendment retaliation pursuant to section 1983 in its Order Denying Shelby County's Renewed Motion to Dismiss (D.E. # 35). The Court incorporates that reasoning here and rejects Oldham's argument that Plaintiff insufficiently pleaded his retaliation claim.

### **Claim Against Oldham in His Individual Capacity**

Next, Oldham argues that Plaintiff has failed to state a claim against Oldham in his individual capacity, because he has not set forth sufficient facts to establish supervisory liability under section 1983. In order to hold an individual liable under section 1983, the Plaintiff must allege direct involvement in the constitutional deprivation.[14] Liability cannot be imposed on the doctrine of respondeat superior.[15] "At a minimum, a § 1983 plaintiff must show that a

---

[14] *Bellamy v. Bradley*, 720 F.2d 416, 421 (6th Cir. 1984).

[15] *Id.*

supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate."[16]

Here, Plaintiff alleges sufficient facts to show that Oldham was directly involved in depriving Plaintiff of his constitutional rights. Specifically, Plaintiff alleges that Oldham, as sheriff, initiated the BPSI investigation against Plaintiff.[17] Plaintiff also alleges that Oldham, acting through Sheriff Luttrell, ordered that Plaintiff be relieved of duty. In the light most favorable to Plaintiff, the Court can only conclude at this stage in the proceedings that Oldham directly participated in retaliating against Plaintiff.

## Qualified Immunity

Qualified immunity "shields 'government officials performing discretionary functions ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[18] To determine whether a defendant is entitled to qualified immunity, the Court applies a two-prong test.[19] First, the Court must determine whether Plaintiff's allegations establish a constitutional

---

[16] *Id.*

[17] Plaintiff alleges that BPSI investigations may only be ordered by the Sheriff, Chief Deputy, or an Assistant Chief and that BPSI is under the direct control of the Sheriff. Thus, by inference, Plaintiff alleges that Oldham caused the investigation to be launched. A plaintiff can avoid dismissal by asserting "either direct or inferential allegations with respect to all material elements of the claim." *Wittsock*, 330 F.3d at 902. Since Plaintiff has alleged by inference that Oldham directly participated in violating Plaintiff's First Amendment rights, dismissal is inappropriate.

[18] *Barker v. Goodrich*, 649 F.3d 428, 433 (6th Cir. 2011), reh'g denied (Sept. 12, 2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (alterations in original).

[19] *Id.*

violation.[20] If they do, the Court must then determine whether the violated right was clearly established at the time of the defendant's misconduct.[21] At this stage of the proceedings, Plaintiff has alleged sufficient facts such that Oldham is not protected by qualified immunity.

### Constitutional Violation

Oldham argues that it is questionable whether a violation has occurred. However, the Court has already determined that Plaintiff has alleged sufficient facts to establish a claim for retaliation in violation of his First Amendment rights.[22] The Court must view those allegations in the light most favorable to Plaintiff. It is insufficient for Oldham to show that a violation is merely questionable. Therefore, Oldham cannot defeat liability on this prong, because he cannot show that there was no constitutional violation.

### Clearly Established Right

Since Plaintiff has established a constitutional violation for purposes of this Motion to Dismiss, the Court will address the second prong of the qualified immunity inquiry. "A constitutional right is clearly established if ['t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.[']"[23] A plaintiff's "First Amendment right of free speech [is] clearly established for qualified immunity purposes.

---

[20] *Id.*

[21] *Id.*

[22] Again, because the Court discussed this at length in its Order Denying Shelby County's Renewed Motion to Dismiss, it will not discuss it in detail here.

[23] *Id.* at 435 (quoting *Anderson v. Creighton*, 438 U.S. 635, 640 (1987)) (second alteration in original).

The law is well settled in this Circuit that retaliation under color of law for the exercise of First Amendment rights is unconstitutional, and retaliation claims have been asserted in various factual scenarios."[24]  Since, at this stage in the proceedings, Plaintiff has alleged sufficient facts to establish a violation of his First Amendment rights based on retaliation, which is a clearly established right, Defendant is not entitled to dismissal based on qualified immunity.

## CONCLUSION

Because Plaintiff's claims are not time-barred, Plaintiff has alleged sufficient facts to sustain a claim under section 1983 for retaliation in violation of the First Amendment against Oldham in his individual capacity, and Oldham has failed to show that he is entitled to qualified immunity, the Court **DENIES** Oldham's Motion to Dismiss.

**IT IS SO ORDERED.**

                                              **s/ S. Thomas Anderson**

                                              S. THOMAS ANDERSON
                                              UNITED STATES DISTRICT JUDGE

                                              Date: December 20, 2013.

---

[24] *Zilich v. Longo*, 34 F.3d 359, 365 (6th Cir. 1994) (internal quotations and citation omitted).